IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| vs. | : | |
| | : | NO.  07-431-01 |
| JAMES F. LYNCH | : | |

DuBOIS, J.                                                                                           SEPTEMBER 25, 2009

**M E M O R A N D U M**

I.      **INTRODUCTION**

Defendant submitted a letter to the Court dated September 4, 2009, requesting relief from the payment of a $25,000 fine imposed by the Court at sentencing on January 17, 2008.  The Government responded to the Motion on September 22, 2009.  For the reasons set forth below, defendant's request for remission or reduction of his criminal fine is denied.

II.      **BACKGROUND**

Defendant, James F. Lynch, was charged in a one-count Information with conspiracy to commit honest services fraud in violation of 18 U.S.C. § 371. The charges arose from the defendant's actions as a tax assessor employed by the City of Philadelphia, Board of Revision of Taxes.  Specifically, the Information averred that defendant was unlawfully rewarded and/or influenced by a payment of approximately $20,000 in cash from a construction contractor and real estate developer in November 2005, which defendant failed to disclose as required by law.

Defendant pled guilty to the Information on September 14, 2007.  On January 17, 2008, he was sentenced to three years probation, a fine of  $25,000, and a $100 special assessment. The criminal judgment directed payment of the fine immediately, and, if not paid immediately, payment at the rate of $8,000 per year during the first two years of probation, and $9,000 during

the third year of probation. To date, the defendant has paid only the special assessment; he has not made any fine payments.

Defendant's September 8, 2009 letter asked the Court to remit or reduce the fine imposed by Judgment dated January 17, 2008. The stated reason for the requested relief is that defendant does not have the financial ability to pay the fine.

### III.   DISCUSSION

Defendant is not entitled to the requested relief because the Court has no jurisdiction to modify the fine under the facts presented. The only statute to address a court's authority to modify a fine is 18 U.S.C. § 3573. That statute provides that "[u]pon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice– (1) remit all or part of the unpaid portion of the fine . . . ." Thus, under the plan language of § 3573, only the Government may petition the Court for the modification or remission of a fine.

Cases interpreting § 3573, have held that only the Government may petition for modification or remission of a fine. *United States v. Seale*, 20 F.3d 1279, 1286 n.8 (3d Cir. 1994). As the Court of Appeals noted in *Seale*, under the present statutory scheme, the defendant has no right to petition the Court to remit a fine. *See also United States v. Wynn*, 2009 WL 1448054, *3 (3d Cir. May 22, 2009) (not precedential); *United States v. Martinez*, 281 Fed. Appx. 39, 41 (2d Cir. 2008) (unpublished) (holding that under Section 3573, the sentencing court may not modify a fine upon petition by the defendant); *United States v. Schilling*, 808 F. Supp. 1214, 1219 (E.D. Pa. 1992) (despite defendant's request and probation office's recommendation that $25,000 fine be remitted to $2,500, court found that "under current section 3573 defendants do not have the right to petition the courts to remit their criminal fines"); *United States v.*

*Heimbach*, 808 F. Supp. 413, 416 (E.D. Pa. 1992) (holding that a court lacks the power to remit a defendant's fine except on petition of the government).

There is clearly no authority for this Court to grant the relief defendant seeks. However, as noted by the Government in its Response to the request, defendant may ask the Government to consider remitting or reducing the fine by submitting a written request with supporting financial information. If, after reviewing defendant's financial resources, the Government concludes that it is appropriate to remit all or a portion of fine, the Government, in its discretion, would be authorized to request remission under § 3573. Defendant may also ask this Court (and the Government) to consider modifying the payment plan for the fine, as permitted under 18 U.S.C. § 3572(d)(3). Any such request under 18 U.S.C. § 3572(d)(3) should include supporting financial information, which would allow the Court and the Government to determine whether the fine should be remitted or reduced.

**IV.   CONCLUSION**

For all of the foregoing reasons, the Court denies defendant's letter/request dated September 4, 2009, for remission or reduction of his fine.

An appropriate order follows.